United States District Court
District of Minnesota

Tracy Revering,

    Plaintiff,

vs.

City of Le Sueur and Le Sueur
Police Department,

    Defendants.

Case No.: _____

**COMPLAINT**
)
Violation of Civil Rights – 42 U.S.C. 1983

Jury Trial Demanded

1. Plaintiff Tracy Revering ("Plaintiff") brings this lawsuit against Defendants City of Le Suerur and Le Sueur Police Department ("Defendants"). Plaintiff was seriously and permanently injured as a direct result of the negligent conduct of Defendants' employee Bruce Kellly ("Kellly"). Kelly was the police chief of Le Sueur, and sexually and physically assaulted Plaintiff while employed by Defendants.

**GENERAL ALLEGATIONS**

2. Plaintiff is a female who was born on December 7, 1968. At the times of all events alleged in this Complaint, Plaintiff was a resident of the state of Minnesota.

3. Plaintiff is considered to be a vulnerable adult by the state of Minnesota. Plaintiff has marked cognitive impairment, including impairments with judgment, social awareness, over-trusting, reasoning, and focus.

4. Kelly at all times relevant to this Complaint was the police chief of the Le Sueur Police Department and working within the scope of his employment.

5. Prior to July 20, 2021, Kelly had maintained a relationship with Plaintiff. Kelly had manipulated Plaintiff into believing that he was divorced and that he loved her. In reality Kelly was still married and using Plaintiff for sexual purposes. This was done in part by abusing his position of authority within the police department.

6. On or about July 20, 2021, Plaintiff was staying at a hotel in St. Peter, Minnesota. Plaintiff had her daughter staying with her and was waiting to have some testing done at the Mayo Clinic.

7. Kelly had messaged Plaintiff wanting to see her. Plaintiff told him no, but Kelly eventually ended up at the hotel that Plaintiff was staying in.

8. Kelly went to Plaintiff's room and was sweaty and smelled bad. Plaintiff told him to take a shower, but he refused. Instead he continuously grabbed at Plaintiff's belt.

9. Kelly then threw Plaintiff onto the bed and took his pants off. He then proceeded to force his penis into Plaintiff's mouth.

10. While doing this Kelly digitally penetrated Plaintiff's vagina. Plaintiff was crying and told him to stop and that it hurt. Kelly continued to do what he was doing.

11. After a short time Kelly ejaculated on Plaintiff's face and got off of her. Plaintiff had been saying no the whole time, but Kelly did not stop until he was done.

12. Kelly then got dressed and was going to leave. While Plaintiff and Kelly were by the door Kelly turned around and pushed Plaintiff into the wall. All of these actions caused Plaintiff serious and permanent emotional, physical, and mental injuries.

13. Kellly's conduct toward Plaintiff, including the physical and sexual contact, was improper and tortious. As a direct result of kelly's improper and tortious conduct, Plaintiff has in the past and will in the future suffer damage in the form of a loss of wages and a loss of earning capacity, past and future pain, disability, and emotional distress, and past and future medical expenses.

## Count One – Negligence and Vicarious Liability

14. Kelly either knkew or should have known that his position of authority and control would cause Plaintiff to involuntarily submit to Kelly's sexual demands. Kelly knew or should have known that using his position of authority was unfair, negligent, and wrong.

15. Kelly was negligent in his conduct toward Palintiff and his negligent conduct was a direct cause of Plaintiff's damages.

16. Defendants were negligent in their hiring, training, supervising, controlling, and retaining Kelly. The allegation of negligence in hiring and training is based partly on information and belief, including statmeents that Kelly made to Plaintiff. Kelly's behavior fell far below the standard that Defendants should have allowed, and they were negligent in letting Kelly behave this way.

17. Kelly's imporper conduct toward Plaintiff was reasonably foreseeable to Defendants and Kelly's conduct toward Plaintiff was preventable through the exercise of reasonable care by Defendants.

18. The negligence of Defendants was a direct cause of Plaintiff's damages as alleged in this Complaint.

19. In his conduct toward Plaintiff, Kelly was acting as an agent of Defendants and Kelly was acting within the scope of his employment by Defendants. Specifically, Kelly used his position of authority to take advantage of Plaintiff who is a vulnerable adult.

20. Kelly's actions should have been fairly foreseen by Defendants as Kelly's employers and were reasonably incidental to Kelly's employment. Kelly's use of his position of power to take advantage of Plaintiff was done in part with the implied permission of Defendants.

21. Because Kelly was acting as an agent of Defendats when he sexually and physically assaulted Plaintiff, Defendants are vicariously liable for Kelly's conduct.

**Count Two – Violaion of Federal Civil Rights**

22. Plaintiff has a right under the Constituion of the United States to be free from sexual harassment and molestation by employees of government entities.

23. At all times relevant to this Complaint, Kelly was acting under color of law-under the constitutions, statutes, administrative rules, customs, policies, and usages of Le Sueur, Minnesota and the United states – and had assumed the responsibilities, activities, and rights involved in exercising his role as police chief.

24. On July 20, 2021, when Kelly interacted with Plaintiff, Kelly was acting under the color of state law; specifically Kelly used his position as a police chief to show his position and power of Plaintiff. The use of Kellly's position of power to instigate sexual acts with Plaintiff was a violation of her civil rights and federal and state law.

25. Plaintiff was deprived of her constitutional liberty interests in bodily integrity and to be free from sexual abuse and the threat of such abuse perpetrated bya a police chief.

26. The actions of Kelly violated 42 U.S. Code § 1983. Plaintiff's actions deprived her of her civil rights and caused permanent harm and injury to her.

27. As a result of Kelly's deprivation of Plaintiff's constitutional liberty interest to be free from sexual abuse, Plaintiff has incurred damages and injuries as set forth below.

28. Defendants had a duty to exercise reasonable care in the selection, training, assignment, supervision, and retention of their employees, mainly the police chief Kelly.

29. Defendants were negligent in their duty to exercise reasonable care in the selection, training, assignment, supervision, and retention of Kelly.

30. As a direct result of Defendants' negligent actions Plaintiff was seriously and permanently injured as set forth below.

31. If successful against Defendants, Plaintiff is entitled to reasonable attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. Awarding judgment in favor of Plaintiff, against Defendants, and each of them, jointly and severally, in an amount in excess of Seventy-Five Thousand and no/100 ($75,000.00) Dollars as and for compensatory damage.
2. Awarding Plaintiff reasonable attorneys fees pursuant to 42 U.S.C. Section 1988.
3. Awarding Plaintiff her costs and disbursements incurred herein.
4. For such other and further relief as the Court may deem just and proper.

                                    **BRADSHAW & BRYANT, PLLC**

DATED: <u>4/28/25</u>                <u>/s/ Michael A. Bryant</u>
                                    Michael A. Bryant (License #218583)
                                    1505 Division Street
                                    Waite Park, MN 56387
                                    Telephone: (320) 259-5414
                                    Attorney for Plaintiff

## ACKNOWLEDGMENT

Plaintiff acknowledges sanctions may be imposed under Minn. Stat. §549.211.

                                    **BRADSHAW & BRYANT, PLLC**

DATED: <u>4/28/25</u>                <u>/s/ Michael A. Bryant</u>
                                    Michael A. Bryant (License #218583)
                                    1505 Division Street
                                    Waite Park, MN 56387
                                    Telephone: (320) 259-5414
                                    Attorney for Plaintiff